829 F.2d 43
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Holly REED, Jr., Petitioner,
v.
GENERAL SERVICES ADMINISTRATION, Respondent.
 Appeal No. 87-3183.
 United States Court of Appeals, Federal Circuit.
 Aug. 24, 1987.
 
 Before NIES, Circuit Judge, SKELTON, Senior Circuit Judge, and ARCHER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Holly Reed, Jr. seeks review of the final decision of the Merit Systems Protection Board, Docket No. DC07528610539, sustaining the General Service Administration's decision to remove him from his position as an Offset Press Operator. We affirm.
 
 
 2
 Reed was removed for three, separate, employment-related offenses: (1) absence without official leave; (2) willful neglect of duty in failing to follow instructions, given on numerous occasions, to read job orders carefully and ensure the accuracy of the press run; and (3) careless workmanship which caused the Government to lose money. On his appeal to the board, Reed failed to submit evidence. Nevertheless, the Administrative Judge reviewed Reed's response to the agency's notice of proposed removal and the whole record. This review enabled the Judge to find that "the preponderant evidence supports the agency's charges." Our review of this finding is limited to determining whether it is supported by substantial evidence. Brewer v. United States Postal Serv., 647 F.2d 1093, 1096 (Ct.Cl.1981), cert. denied, 454 U.S. 1144 (1982). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." SSIH Equip. S.A. v. United States Int'l Trade Comm'n, 718 F.2d 365, 382 (1983) (citing Universal Camera Corp. v. NLRB, 340 U.S. 474 (1951)).
 
 
 3
 Reed has presented no basis to reverse the Administrative Judge's findings. Substantial evidence supports the Administrative Judge's findings that Reed committed the employment-related offenses that led to his removal. This evidence includes the record of infraction for, and statements of Reed's immediate supervisor about, the absence offense; the record of infraction for, and statements of both Reed and his supervisor about, the careless workmanship offenses; the evidence that Reed's supervisor counseled him about carefully reading his job orders to ensure an accurate press run; and the record of monetary loss to the government when Reed's careless work had to be redone.
 
 
 4
 Substantial evidence also supports the Administrative Judge's finding that the agency weighed relevant factors, as prescribed in Douglas v. Veterans Admin., 5 MSPB 313 (1981), before it proposed removal. The agency simply found that the serious nature of Reed's misconduct and his past disciplinary record, consisting of a three-day suspension for neglect of duty, a five-day suspension for absence without official leave, and a ten-day suspension for neglect of duty and careless workmanship, outweighed any mitigating factors. The board also held that the penalty did not exceed the bounds of reasonableness for the offenses and, thus, was within the discretion of the agency.
 
 
 5
 We will not disturb a choice of penalty within the agency's discretion unless the penalty is "outrageously disproportionate to the offense" in light of all relevant factors. Yeschick v. Department of Transp., FAA, 801 F.2d 383, 384-85 (Fed.Cir.1986). Such an abuse of discretion is absent here.
 
 
 6
 We affirm on the basis of the Administrative Judge's opinion because that opinion is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see also Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).