838 F.2d 1222
Unpublished Disposition
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Harold T. NICHOLSON, and American Federation of Government
Employees, local No. 2663, Petitioners,
v.
VETERANS ADMINISTRATION MEDICAL CENTER OF KANSAS CITY,
MISSOURI, Respondent.
 
 No. 87-3151.
 United States Court of Appeals, Federal Circuit.
 Jan. 7, 1988.
 Before MARKEY, Chief Judge, RICH, Circuit Judge, and MILLER, Senior Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The decision of the arbitrator, FMCS No. 86K/26165, denying Harold T. Nicholson's (Nicholson's) grievance of his removal by the Veterans Administration (agency) for deliberate failure to follow supervisory instructions, falsification of official documents, disrespectful conduct and insubordination, making false and defamatory statements about another Veterans Administration employee, and patient neglect, is affirmed.
 
 OPINION
 
 2
 Substantial evidence supports the arbitrator's finding that the agency proved the charges against Nicholson. Nicholson's attack on the testimony of agency witnesses ignores the arbitrator's determination that "the testimony of Nicholson appears substantially less credible ... than the evidence presented by the Agency at the arbitration hearing." Because Nicholson has failed to establish that the agency's testimony was "inherently improbable or discredited by undisputed evidence or physical fact," Hagmeyer v. Department of the Treasury, 757 F.2d 1281, 1284 (Fed. Cir.1985), we have no reason for overturning the credibility determinations of the arbitrator, who heard the witnesses at the hearing and saw their demeanor. Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed. Cir.1985); see also Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed. Cir.1986).
 
 
 3
 The record does not support Nicholson's assertion that the agency withheld information relating to Nicholson's claim that he was on representational time during his meeting with Renee Carlson on February 21, 1986. Substantial evidence supports the arbitrator's findings that Nicholson was never on official time on that date, and that the agency did not "unilaterally or unreasonably den[y] Nicholson representational time."
 
 
 4
 Nicholson's assertion that Officer Easton's statements demonstrate union animus on the agency's part ignores the substantial evidence supporting the arbitrator's findings that no such animus motivated the agency in deciding to remove Nicholson, and that the reasons for Nicholson's removal were "totally unrelated" to his union activities.
 
 
 5
 The arbitrator did not abuse his discretion in affirming Nicholson's removal. We will not disturb a choice of penalty within the agency's discretion unless the severity of its action appears totally unwarranted in light of all relevant factors. See Yeschick v. Department of Transportation, 801 F.2d 383, 384-85 (Fed. Cir.1986); DeWitt v. Department of the Navy, 747 F.2d 1442, 1445 (Fed. Cir.1984), cert. denied, 470 U.S. 1054 (1985).
 
 
 6
 The arbitrator properly refused to grant Nicholson access to the arbitrator's notes. The record shows no agreement that the arbitrator's notes would become a part of the official record.
 
 
 7
 We affirm the arbitrator's decision because we do not find it arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Secs. 7121(f), 7703(c) (1982); see Cornelius v. Nutt, 472 U.S. 648, 661 n. 16 (1985).
 
 
 8
 Because we affirm the arbitrator's decision, we need not consider Nicholson's arguments concerning back pay and attorney fees.