848 F.2d 1244
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ronald H. STIVERS, Petitioner,
v.
The DEPARTMENT OF the NAVY, Respondent.
 No. 88-3028.
 United States Court of Appeals, Federal Circuit.
 May 6, 1988.
 
 Before MARKEY, Chief Judge, DAVIS and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. SE07528610334, sustaining the Department of the Navy's (agency's) removal of Ronald H. Stivers (Stivers) for two days of unauthorized absence (AWOL), is affirmed.
 
 OPINION
 
 2
 Substantial evidence supports the board's finding that the agency's decision to cancel Stivers' leave request was reasonable. Stivers' supervisors testified that the agency's workload was extremely heavy during the time in question. Because Stivers has failed to establish that that testimony was "inherently improbable or discredited by undisputed evidence or physical fact," Hagmeyer v. Department of the Treasury, 757 F.2d 1281, 1284 (Fed.Cir.1985), we have no reason for overturning the credibility determinations of the administrative judge, who heard the witnesses at the hearing and saw their demeanor. Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985); see also Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 
 3
 Stivers' alleged misunderstanding with the agency concerning a request for leave without pay during the Christmas season is irrelevant to whether the agency proved its charges that he was AWOL on February 20 and 27 and to whether the agency selected an appropriate penalty.
 
 
 4
 Substantial evidence supports the administrative judge's determination that the agency weighed relevant factors as prescribed in Douglas v. Veterans Administration, 5 MSPB 313 (1981), before proposing Stivers' removal. We will not disturb a choice of penalty within the agency's discretion unless the severity of its action appears totally unwarranted in light of all relevant factors. See Yeschick v. Department of Transportation, 801 F.2d 383, 384-85 (Fed.Cir.1986); DeWitt v. Department of the Navy, 747 F.2d 1442, 1445 (Fed.Cir.1984), cert. denied, 470 U.S. 1054 (1985). It does not so appear here.