**Gary D. YESCHICK, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTA-TION, FEDERAL AVIATION ADMINISTRATION, Respondent.**

Appeal No. 85–1040.

United States Court of Appeals, Federal Circuit.

Sept. 15, 1986.

Larry E. Coey, Elyrie, Ohio, submitted for petitioner; with him on the brief, were Terry S. Shilling and Frank E. Ashbaugh.

Sandra P. Spooner, Dept. of Justice, Washington, D.C., submitted for respondent; with her on the brief, were Richard K. Willard, Asst. Atty. Gen., and David M. Cohen, Director.

Before MARKEY, Chief Judge, NICHOLS, Senior Circuit Judge, and NEWMAN, Circuit Judge.

PER CURIAM.

Appeal from a decision of the Merit Systems Protection Board, sustaining Gary D. Yeschick's removal by Department of Transportation, Federal Aviation Administration, for absence without leave. We *affirm.*

### Background

Yeschick was on approved sick leave during the week of August 3, 1981. On August 6, he was told by his team supervisor to return to work for the shift beginning at 8:10 a.m. on August 9, 1981, or to contact the facility. Yeschick neither reported for his August 9 deadline shift nor at any time contacted the facility. To the contrary, on August 9 he directly violated his supervisor's order and spent four hours on the picket line in support of the striking controllers.

The agency sent Yeschick an August 21, 1981 letter of proposed removal setting forth two charges, strike participation and absence without leave (AWOL). On September 23, 1981, Yeschick submitted oral and written replies. In a September 30, 1981 letter of decision, the deciding official said he had given full consideration to those replies, but that he found that the charges were supported by the evidence and warranted removal to promote the efficiency of the service. Yeschick was removed effective October 7, 1981.

### The Presiding Official's Decision

The board consolidated Yeschick's appeal with those of thirty air traffic controllers

removed from the Cleveland Air Route Traffic Control Center in Oberlin, Ohio. A hearing was held from October 25, 1982 through October 29, 1982.

### (a) *The Charges*

On the basis of the facts, *supra*, the presiding official concluded that the agency had established the charge of AWOL by a preponderance of the evidence. Because the agency did not introduce evidence that the PATCO strike continued beyond August 8, 1981, however, the presiding official concluded that it had not established the charge of strike participation.

### (b) *Appropriateness of the Penalty*

The controllers challenged the agency's selection of penalty as overly harsh and as violating the concept of similar penalties for similar offenses (i.e., disparate treatment).

In respect of 30 air traffic controllers who participated in the strike, the presiding official reviewed the proposed removal in light of factors set forth in *Douglas v. Veterans Administration*, 5 MSPB 313, 5 M.S.P.R. 280 (1981), concluding that removal was neither excessive nor arbitrary. The presiding official noted that the controllers' refusal to return to work constituted an "intentional and ongoing" abdication of their role in defiance of a Presidential edict. In respect of Yeschick and another similarly situated controller, the presiding official held that "the AWOL offenses found to be sustained ... are sufficient to warrant removal since both of them absented themselves after showing support for the union and the strike."

The presiding official also reviewed the appropriateness of the penalty in respect of all controllers' assertions of "disparate treatment" because: (1) the sliding deadline shift permitted certain individuals to be on strike and escape punishment while others were disciplined; and (2) controllers in the 1970 PATCO strike were not removed. The presiding official dismissed both assertions as without merit.

*Issue Presented*

Whether the agency's choice of penalty was inappropriate.

### OPINION

Yeschick does not contest the presiding official's factual determinations, but contends that, for the single sustained charge of AWOL, the removal penalty was excessive. We disagree. In choosing to absent himself from his post without leave on the day he was to report, to spend four hours on the day on the picket line in support of the strike, and to make no contact with the facility or otherwise indicate an intent to report for work, in direct violation of his supervisor's order and with full knowledge of his agency's need, Yeschick acted to "inflict harm of the highest magnitude upon the national transportation system, to cause great public inconvenience, to injure the national economy, and to place at risk the public safety." *Cf. Schapansky v. Department of Transportation, FAA*, 735 F.2d 477, 484 (Fed.Cir.), *cert. denied*, 469 U.S. 1018, 105 S.Ct. 432, 83 L.Ed.2d 358 (1984). That no proof was offered to establish duration of the strike beyond August 8 does not require the board (or this court) to blind itself to the necessary and logical consequences of Yeschick's actions.* Whatever may be said of the application of a removal penalty for AWOL under other circumstances, its application in this case was clearly not excessive.

Yeschick concedes that the agency's choice of penalty was authorized by the applicable table of penalties. We accord "great deference ... to the sound discretion of the agency in such matters," *Weston v. U.S. Department of Housing and Urban Development*, 724 F.2d 943, 949 (Fed.Cir.1983), and where, as here, the agency's choice is consonant with statute and regulation, we will reverse only when it is shown that the penalty "is so 'out-

---

* Unlike one removed for AWOL, one removed for striking is statutorily denied future government employment. 5 U.S.C. § 7311(3) (1982).

rageously disproportionate' to the offense that it constitutes an abuse of discretion and should not be allowed to stand." *See Brewer v. United States Postal Service,* 227 Ct.Cl. 276, 647 F.2d 1093, 1098 (1981), *cert. denied,* 454 U.S. 1144, 102 S.Ct. 1005, 71 L.Ed.2d 296 (1982); *Brennan v. Department of Health and Human Services,* 787 F.2d 1559, 1563 (Fed.Cir.1986).

The presiding official also correctly rejected Yeschick's allegations of disparate treatment. That other penalties were imposed for other instances of AWOL is entirely irrelevant. Yeschick's reliance on *Brown v. Department of Transportation, FAA,* 735 F.2d 543 (Fed.Cir.1984), is unavailing, the facts and circumstances in that case being entirely distinct from those presented here.

Though the presiding official sustained the removal after considering two of the twelve *Douglas* factors, "neither statute nor regulation *requires* an agency to demonstrate that it considered all mitigating factors." *Nagel v. Department of Health and Human Services,* 707 F.2d 1384, 1386 (Fed.Cir.1983) (emphasis in original). Similarly, nothing in this court's reviewing statute, 5 U.S.C. § 7703(c), requires that a presiding official contemplate *Douglas* factors not identified by petitioner as significant. As this court has observed, it would be unconscionable to permit a petitioner to remain silent at the hearing:

> and then to require that the record reflect proof the same as that the agency would have offered if he had spoken. It is undisputed that there must be some basis in the record for the reasonableness of the penalty, but there is no requirement that the legal proof by the agency must be the same when the penalty is not challenged as it might be when the penalty is challenged.

*Allred v. Department of Health and Human Services,* 786 F.2d 1128, 1132 (Fed. Cir.1986).

The agency is not prescient, and neither is the board—and while both have a statutory duty to respond to significant mitigating circumstances raised for consideration, *see Van Fossen v. Department of Housing and Urban Development,* 748 F.2d 1579, 1581 (Fed.Cir.1984), neither can be held to account for failing to consider factors initially deemed so insignificant by petitioner as to warrant his silence about them. Though Yeschick asserts before us "years of service, exemplary record, and lack of any history of misconduct, reprimand or discipline," nowhere in his brief does he cite to *any* portion of the record establishing that he raised and identified those assertions as significant mitigating factors before the agency or the board. Moreover, the failure of Yeschick's brief to state how such factors could have served to mitigate the penalty of removal suggests an effort to take advantage of a defect in the board's findings due entirely to Yeschick's chosen silence.

Yeschick has not shown that the board abused its discretion in sustaining the penalty chosen by the agency, or that the board's decision was arbitrary, capricious, or otherwise not in accordance with law, or that it was obtained without procedures required by law, rule, or regulation having been followed, or that it was unsupported by substantial evidence. Accordingly, we affirm. *See Weston,* 724 F.2d at 949–50.

AFFIRMED.