847 F.2d 841
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES and Roy W.
Purdie, Petitioners,
v.
DEFENSE GENERAL SUPPLY CENTER, Respondent.
 No. 87-3458.
 United States Court of Appeals, Federal Circuit.
 April 13, 1988.
 
 Before MARKEY, Chief Judge, RICH and NIES, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Petition to overturn an arbitrator's award, FMCS File No. 8706463, sustaining the removal of Roy W. Purdie (Purdie) by the Defense General Supply Center (agency). Following review of the arbitrator's response to our January 19, 1988 remand for a more complete statement and the responses thereto, we affirm the award.
 
 OPINION
 
 2
 The arbitrator properly sustained the charge of AWOL. His unchallenged findings that Purdie was three minutes late for work and that "[h]e did not have an acceptable excuse" support the conclusion that Purdie incurred "[a]n absence from duty which was not authorized," or AWOL, under DLAR 1424.1, encl. 1, paragraphs A.1. and J. That AWOL "is charged in multiples of 15 minutes for the actual time absent" under paragraph B.2. of those regulations, and that Purdie's supervisor followed that paragraph, are immaterial. Paragraph 1 of the agency's "Notice of Proposed Removal" charged Purdie with "AWOL," not with any particular duration of AWOL. The arbitrator properly reasoned that "[w]hether [Purdie] should have been charged AWOL for three minutes or fifteen minutes was not a material factor in determining whether there was just cause for removal."
 
 
 3
 The record does not support Purdie's assertion that the agency indicated that all five of the charges, of which the arbitrator sustained only four, were necessary to Purdie's removal. As the arbitrator recognized, the agency proposed Purdie's removal in light of Purdie's prior discipline for repeated tardiness, leaving the work site without permission, and AWOL, in addition to the five charges.
 
 
 4
 We will not disturb a choice of penalty within the agency's discretion unless the severity of its action appears totally unwarranted in light of all relevant factors. See Yeschick v. Department of Transp., FAA, 801 F.2d 383, 384-85 (Fed.Cir.1986); DeWitt v. Department of the Navy, 747 F.2d 1442, 1445 (Fed.Cir.1984), cert. denied, 470 U.S. 1054 (1985). It does not so appear here.