848 F.2d 1244
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph HERNANDEZ, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 87-3444.
 United States Court of Appeals, Federal Circuit.
 May 5, 1988.
 
 Before PAULINE NEWMAN, ARCHER and MAYER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. AT07528610770, sustaining the removal of Joseph Hernandez (petitioner) by the United States Postal Service is affirmed.
 
 Facts
 
 2
 Petitioner was arrested for selling one-half ounce of marijuana to Richard Billings, another Postal Service employee who was then acting as a confidential informant both for postal inspectors and local law enforcement authorities in the Bradenton, Florida area. Petitioner was thereafter removed from his position as a distribution clerk at the Bradenton Post Office.
 
 
 3
 The board found that, even accepting petitioner's version of the facts, "plans were, indeed, made to facilitate the later sale" during a conversation that occurred at the workplace. Moreover, Billings testified in greater detail to the workplace conversation with petitioner. Although petitioner contends that the finding that there was on-duty misconduct is not supported by substantial evidence, we have been shown no basis upon which the board's findings and credibility determination regarding the conversations between petitioner and Billings can be reversed. DeSarno v. Department of Commerce, 761 F.2d 657, 661 (Fed.Cir.1985); see also Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986) (credibility determinations by presiding official are "virtually unreviewable").
 
 
 4
 We reject petitioner's contention that the required nexus between the misconduct with which petitioner was charged and the efficiency of the Service was not established. As the board discussed, we held in Sanders v. United States Postal Serv., 801 F.2d 1328 (Fed.Cir.1986), that the requisite nexus was established where a drug sale to a confidential informant was similarly arranged while on duty and consummated off duty. Conversations at the workplace between petitioner and Billings were determined by the board to have facilitated the later sale. The sale was to another Postal Service employee and petitioner knew that the marijuana might be taken onto postal property. Thus, the board properly found these facts established nexus.
 
 
 5
 It should be noted also that Billings advised postal inspectors that several employees at the Bradenton facility were buying and selling drugs and that the problem was apparently sufficiently widespread to cause an undercover operation to be undertaken. "[A]gencies are vested by law with the discretionary authority and responsibility to determine what is necessary for their efficiency in discharging the missions assigned to them...." Sanders, 801 F.2d at 1333. Where an employee engages in illegal conduct that relates to or exacerbates an existing condition that could severely affect the mission of the agency, we are convinced nexus has been shown. In view of the apparent drug problem at the Bradenton facility, proof of a sale of marijuana at least partially arranged on the premises of the facility is more than sufficient to establish nexus between that act and the efficiency of the agency's operation.
 
 
 6
 Petitioner finally contends that the penalty of removal was too severe. This court, however, has consistently held that it will not disturb a choice of penalty within the agency's discretion unless the severity of its action appears totally unwarranted in the light of all relevant factors. See, e.g., Yeschick v. Department of Transp., FAA, 801 F.2d 383, 384-85 (Fed.Cir.1986); DeWitt v. Department of the Navy, 747 F.2d 1442, 1445 (Fed.Cir.1984), cert. denied, 470 U.S. 1075 (1985). We cannot say that petitioner's removal was unwarranted in this case. Petitioner's principal contention is that the factors set forth in Douglas v. Veterans Admin., 5 MSPR 313 (1981), were not adequately considered. The record shows, however, that mitigating factors were considered by the agency and found insufficient to mitigate the removal penalty in the light of the seriousness of the offense. Moreover, the administrative judge considered a number of the Douglas factors and also rejected petitioner's argument that the agency deciding official failed to consider mitigating factors. We are convinced that the relevant Douglas factors have been adequately addressed. See Nagel v. Department of Health and Human Servs., 707 F.2d 1384, 1386 (Fed.Cir.1983) ("neither statute nor regulation requires an agency to demonstrate that it considered all mitigating factors").
 
 
 7
 Accordingly, we do not find the board's decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).