848 F.2d 1245
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Willie R. STEPHENS, Petitioner,
v.
The DEPARTMENT OF the AIR FORCE, Respondent.
 No. 88-3020.
 United States Court of Appeals, Federal Circuit.
 May 16, 1988.
 
 Before RICH, NIES and BISSELL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Willie R. Stephens seeks review of the final decision of the Merit Systems Protection Board, Docket No. AT07528710081, 34 M.S.P.R. 649 (1987). More particularly, Stephens seeks mitigation of the penalty. The Department of the Air Force's decision had removed Stephens from his position as an Aircraft Sheet Metal Mechanic, at Robins Air Force Base in Georgia, for refusal to comply with proper orders. We reverse the decision to sustain the penalty of removal and remand for entry of an appropriate order.
 
 OPINION
 
 2
 Stephens does not challenge that he refused to complete the repair in progress on two aircraft Pylons as he was ordered to do and that he can be disciplined even if he had a reasonable basis for questioning the quality of the repair work done before he was told to take over the job. Instead, he challenges only the appropriateness of the removal penalty imposed and presents three arguments to support his challenge. To justify the severity of the penalty, the Air Force relied on Stephens' prior disciplinary record which showed a reprimand for careless workmanship and a five-day suspension for failure to comply with a supervisor's order. Stephens was an employee with eight years of service.
 
 
 3
 Stephens first argues that he was denied due process because the board did not require the Air Force to provide proof either of the prior disciplinary actions or that it had given him an opportunity to dispute the charges, yet the board relied on the prior actions to uphold the penalty. We reject this due process argument. The record clearly provides evidence of the prior actions and that Stephens had the opportunity to, and did, dispute the actions when proposed. The agency was not required to prove the merits of the prior disciplinary actions in this proceeding.
 
 
 4
 In his second argument, Stephens asserts that the prior charges are dissimilar to the present charges of insubordination and should not have been used to justify the penalty of removal. See Jackson v. Veterans Admin., 768 F.2d 1325, 1332 (Fed.Cir.1985) (past record not a substantial consideration affecting magnitude of penalty when past disciplinary actions unrelated to charge sustained). Specifically, the Administrative Judge (AJ) found that the present offense "is not the first time [Stephens] has had problems dealing with supervisory authority." Consequently, the AJ found it "obvious that the prior actions did not have a rehabilitative effect on [Stephens]." In affirming, the board also found that Stephens lacked rehabilitative potential as shown by his prior disciplinary record.
 
 
 5
 Those findings are not supported by substantial evidence in the record. Both prior disciplinary actions relate to poor workmanship, not insubordination, although the second incident was described as a "[f]ailure to comply with supervisory instructions."* With respect to that incident, after receiving instruction from his supervisor on the proper use of a template, Stephens made incorrect hinge cut-outs on a landing gear door. In substance, that mistake bears no relationship to insubordination. Accordingly, there is no pattern of conduct which supports a finding that the prior discipline had no rehabilitative effect on Stephens' conduct or showed he lacked rehabilitative potential with respect to the misconduct here.
 
 
 6
 We agree with petitioner's final argument that unless a pattern of related conduct precluding rehabilitation was established in this case, the penalty of removal is excessive when based solely on the charges before us and in view of all of the circumstances, including Stephens' eight years' satisfactory service. Removal is so disproportionate to the sustained offense that it constitutes an abuse of discretion. See Yeshick v. Department of Transp., FAA, 801 F.2d 383, 384-85 (Fed.Cir.1986).
 
 
 7
 In sum, we reverse the board's decision to sustain the penalty of removal. We conclude that no more than a sixty-day suspension could be held reasonable and remand the case for the board to enter an appropriate order in accordance with this opinion.
 
 COSTS
 
 8
 Stephens shall recover costs.
 
 
 
 *
 The suspension involving this charge also rested on charges of failure to properly request leave and unauthorized absence. The latter matters are not related to "insubordination" and the board did not mention them