873 F.2d 1451
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Simon Abi NADER, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 88-3253.
 United States Court of Appeals, Federal Circuit.
 April 7, 1989.
 
 Before NIES, PAULINE NEWMAN and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Simon Abi Nader seeks review of the final decision of the Merit Systems Protection Board, Docket No. DA07528810077, sustaining the Department of Justice's charge that Nader's conduct in allowing an alien (temporarily in the United States) to pay a fine for him violated pertinent agency rules by creating an appearance of impropriety. Nader also challenges the severity of the penalty of a seven-day suspension which the MSPB had mitigated from a fifteen-day suspension imposed by the agency. We affirm.
 
 OPINION
 
 2
 Nader attempts to place the blame on the agency for his misconduct. "The Agency is entirely at fault," Nader contends, for failing to warn him that an association with childhood friends from his native Lebanon would be detrimental to his career--especially because the agency knew Nader was born and raised in Lebanon. We know of no requirement placing upon the agency such a duty to warn. Moreover, the charge sustained was not Nader's mere "association" with an alien, but the appearance of impropriety created when Nader, an Immigration and Naturalization officer, accepted money (on loan) from an alien whose potential future application for an extension of stay might be adjudicated by Nader in the course of his duties. We also reject as meritless Nader's suggestion that he not be held responsible for violating the agency's rules and regulations because he had read them but once, during his first day of training.
 
 
 3
 Nader sought to introduce the testimony of Mr. Rizzo, his former supervisor. Nader contends that Rizzo would have testified that the agency's investigation and consequent penalty were unwarranted. He has failed to convince us, however, that the Administrative Judge (AJ) abused her discretion by denying a subpoena for Rizzo's presence. See Curtin v. Office of Personnel Management, 846 F.2d 1373, 1378 (Fed.Cir.1988) ("Procedural matters relative to discovery and evidentiary issues fall within the sound discretion of the board and its officials."). In view of the deciding official's testimony that he maintains confidence in Nader's abilities despite Nader's misconduct and of Nader's failure to suggest that Rizzo has any personal knowledge of the events at issue, Nader has also failed to show how any alleged error was prejudicial. Id. at 1379.
 
 
 4
 Nader also challenges, as unwarranted, the penalty imposed. As support for that challenge, he asserts that the AJ failed to consider Nader's own testimony; the "unique circumstances" involving a Hobson's choice between paying the fine or staying in custody; or the agency's decision, which he characterizes as an "abuse of authority and power," to cancel his transfer to a new duty post in another office. Although we fail to see how the agency's cancellation decision is relevant to Nader's present appeal, the AJ discussed Nader's contentions about the transfer at length. She expressly addressed Nader's arguments about the "exigency of the situation." The AJ also expressly considered Nader's own testimony and credibility. In any event, "[w]e presume that the fact finder reviews all evidence presented unless [s]he expresses otherwise." Medtronic, Inc. v. Daig Corp., 789 F.2d 903, 906 (Fed.Cir.), cert. denied, 107 S.Ct. 402 (1986).
 
 
 5
 Because, per Nader, he was faced with unique circumstances and committed a mere error of judgment, Nader contends the week-long suspension is excessive. We will not set aside a penalty within the agency's discretion, however, unless its severity is totally unwarranted in light of all relevant factors. Yeschick v. Department of Transp., F.A.A., 801 F.2d 383, 384-85 (Fed.Cir.1986). The penalty imposed here does not meet that criterion.
 
 
 6
 Having considered the above and all other arguments made by Nader, we affirm the board's decision.