875 F.2d 861
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES H. BAKKER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1796.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1989.
 
 Before KEITH and KENNEDY, Circuit Judges, and RICHARD B. McQUADE, Jr., District Judge*.
 PER CURIAM:
 
 
 1
 Appellant, James H. Bakker, filed an application for disability insurance benefits pursuant to sections 216(i) and 223 of the Social Security Act, alleging disability from September 22, 1982. See, 42 U.S.C. Secs. 416(i) and 423. The Administrative Law Judge (ALJ) denied Bakker's application on October 23, 1986. The ALJ's decision was affirmed by the Appeals Council on June 9, 1987, and became the final decision of the Secretary. The district court affirmed the decision of the Secretary on May 31, 1988. For the reasons, set forth below, we AFFIRM.
 
 
 2
 Bakker is a forty-nine year old male with a tenth grade education. He was previously employed as a warehouse checker in the freight handling business. The ALJ identified his past work as heavy in exertion and unskilled.
 
 
 3
 Bakker claims that he has been disabled since September 22, 1982, due to back and neck pain, fatigue, skin and cardiac problems, and depression. However, Bakker has failed to present any objective medical evidence to support the existence or severity of his subjective complaints of pain, fatigue, and depression. This court has held that subjective allegations of pain must be supported not only by proof of an underlying medical condition, but must demonstrate either objective evidence confirming the severity of the subjective complaints, or an objectively established medical condition that is of such severity that it can be reasonably expected to produce the disabling pain. Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986).
 
 
 4
 The medical evidence presented in this case indicated that Bakker's health problems were not severe and could be treated with medication. After reviewing the medical evidence, the ALJ determined that although Bakker's aortic condition and depression limited his physical activity, he still retained the residual functional capacity to perform a full range of light work, and therefore, was not disabled within the meaning of the Social Security Act.
 
 
 5
 This court's scope of review is limited to a determination of whether the Secretary's findings were supported by substantial evidence. Murphy v. Secretary of Health and Human Services, 801 F.2d 383, 387 (6th Cir.1986). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). After reviewing the entire record, this court holds that the Secretary's decision was supported by substantial evidence. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Richard B. McQuade, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation