884 F.2d 579
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Russel HENRY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-1012.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1989.
 
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges, and THOMAS G. HULL, Chief District Judge.*
 PER CURIAM:
 
 
 1
 Appellant, Russell Henry, filed an application for disability insurance benefits on April 24, 1986, alleging disability since August 27, 1982. The Administrative Law Judge (ALJ) denied Henry's application on September 21, 1987. The ALJ's decision was affirmed by the Appeals Council on November 10, 1987 and became the final decision of the Secretary. After reviewing the matter in its entirety, the district court concluded that substantial evidence supported the Secretary's decision and affirmed that decision on December 6, 1988. For the reasons set forth below, we AFFIRM.
 
 
 2
 Henry is a fifty-three year old male with an eighth grade education. He was previously employed as a machine set-up person and had experience working with blue-prints and using tools, measuring devices and micrometers.
 
 
 3
 Henry claims that he has been disabled since August 27, 1982, due to back pain, hypertension, diabetes and depression; however Henry admits he stopped working because the factory closed. At the hearing, Henry testified that his diabetes was under control since he began taking insulin and that his high blood pressure condition had stabilized.
 
 
 4
 On appeal, Henry contends that the ALJ's conclusion that he retained the residual functional capacity to perform a limited range of sedentary work was not supported by substantial evidence. Henry also argues that the Secretary erroneously relied on the testimony of the medical advisor and ignored the medical opinion of his treating physician.
 
 
 5
 Although the medical evidence in this case indicated that there was some evidence of pain and the need for work limitations, the evidence was insufficient to satisfy the Secretary's regulations for evaluating disabling pain. Henry failed to present any credible objective evidence to support the existence or severity of his subjective complaints of pain and depression. This court has held that subjective allegations of pain must be supported not only by proof of an underlying medical condition, but must demonstrate either objective evidence confirming the severity of the subjective complaints, or an objectively established medical condition that is of such severity that it can be reasonably expected to produce the disabling pain. McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1002-03 (6th Cir.1988); Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986).
 
 
 6
 Henry contends that according to his treating physician he was disabled. Although the medical opinion of a treating physician is generally "given greater weight than that of government's physician" Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980); the opinion of the treating physician is only given considerable weight when the opinion is uncontradicted and supported by sufficient medical evidence to substantiate the opinion. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.1984). The medical advisor's opinion, however, was supported by the record and was uncontradicted by a treating physician or other objective evidence. This court has held that the opinions of non-treating physicians may be relied upon when they are consistent with the record. Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir.1987).
 
 
 7
 The medical evidence presented in this case failed to prove that Henry's back pain and depression prevented him from performing all work activities. After reviewing all the medical evidence including the unsubstantiated opinion of the treating physician, the ALJ determined that although Henry's back and mental impairments were severe, he still retained the residual functional capacity to perform a significant number of semi-skilled sedentary jobs (with a sit/stand option), and therefore, was not disabled within the meaning of the Social Security Act.
 
 
 8
 This court's scope of review is limited to a determination of whether the Secretary's findings were supported by substantial evidence. Murphy v. Secretary of Health and Human Services, 801 F.2d 383, 387 (6th Cir.1986). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). After reviewing the entire record, this court holds that the Secretary's decision was supported by substantial evidence. Accordingly, the judgment of the district court is AFFIRMED.