86 F.3d 1179
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jimmy B. WATKINS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3574.
 United States Court of Appeals, Federal Circuit.
 June 12, 1996.
 
 Before PLAGER, SCHALL, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 DECISION Jimmy B. Watkins petitions for review of the decision of the Merit Systems Protection Board, Docket No. AT-0752-95-0400-I-1, upholding the decision of the United States Postal Service to remove Watkins. We affirm.
 
 BACKGROUND
 
 2
 Watkins was employed as a Postal Service carrier in Atlanta, Georgia. On September 16, 1994, Watkins arrived at work an hour late. His supervisor, Danny Pitts, asked about the reason for his lateness but received no response. Pitts then asked Watkins why he had worked unauthorized overtime the night before. At that point, according to Pitts, Watkins became agitated and began using profanity.
 
 
 3
 Watkins was then asked to report to Pitts' office along with his union steward. Pitts again questioned Watkins about the unauthorized overtime, but Watkins left the office stating that he had nothing to say. Moments later, Watkins returned to Pitts' office. Again using profanity, Watkins told Pitts to fire him if he wanted. Pitts instructed Watkins to end his tour for the day and to report to work his next scheduled day. Watkins refused that order and responded with continued profanity.
 
 
 4
 As Watkins left Pitts' office, he was cursing and hitting objects violently. He then went to the "case" assigned to him, opened the drawer and, in the presence of other employees, took out three bullets and dropped them into his hand one by one. One of the employees, Tommy Ector, became concerned about Watkins' conduct and reported the bullet incident to Pitts. Watkins then left the building without ending his tour for the day as instructed. Pitts summoned the Postal Service police, and Watkins was immediately placed on emergency off-duty status. Shortly thereafter, Watkins received a notice of proposed removal from the Service based on five charges: (1) threatening a postal supervisor; (2) using abusive language towards a supervisor; (3) failing to follow instructions; (4) working unauthorized overtime; and (5) engaging in unacceptable conduct.
 
 
 5
 Watkins was subsequently removed from the Postal Service. He appealed his removal to the Board. The administrative judge found the evidence insufficient to support three of the five charges, but upheld Watkins' removal based on the two remaining charges. The administrative judge found that the Postal Service had offered no evidence that Watkins had worked unauthorized overtime on the day alleged in the charge, that the Service had failed to specify which instructions Watkins had failed to follow, and that there were too many inconsistencies in the testimony of the witnesses to sustain the charge that Watkins had threatened Pitts. The two charges that the administrative judge upheld were the charges of using profanity and engaging in unacceptable conduct.
 
 DISCUSSION
 
 6
 Watkins contends that substantial evidence does not support the charges that the administrative judge upheld, and that the penalty of removal was inappropriately harsh.
 
 
 7
 Watkins seizes on the fact that the administrative judge did not credit Pitts' testimony about being threatened and concludes that none of the charges supported by Pitts' testimony can be sustained. But the administrative judge did not reject Pitts' testimony in toto. Rather, she found Pitts' testimony on Watkins' use of profanity to be credible and noted that it was corroborated by testimony from Ector, whom she also found to be credible.
 
 
 8
 With respect to the charge of unacceptable conduct, the administrative judge again credited the testimony of Ector, who described Watkins' conduct, including his action of conspicuously removing the three bullets from his case drawer and dropping them into his hand. The administrative judge sustained the charge of unacceptable conduct on the basis of that evidence, and we agree that the evidence before the administrative judge was sufficient to uphold that charge. Credibility determinations are "virtually unreviewable," Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986), and Watkins has failed to cast doubt on the soundness of the administrative judge's analysis of the evidence which, if anything, was generous to Watkins, as doubts with respect to the charge of threatening his supervisor were resolved in Watkins' favor. There is therefore no basis for upsetting the Board's ruling on the merits of the two sustained charges.
 
 
 9
 Watkins argues in the alternative that the penalty of removal was too harsh in light of the fact that the Board sustained only two of the original five charges. When an agency's action is based on multiple charges and only some of the charges are sustained, the Board makes an independent determination whether the sustained charges justify the penalty imposed by the agency. Beardsley v. Department of Defense, 55 M.S.P.R. 504, 510 (1992), aff'd mem., 5 F.3d 1504 (Fed.Cir.1993) (table). This court will upset that determination only if the penalty is so grossly or outrageously disproportionate to the offense that it must be considered an abuse of discretion for the Board to sustain it. See Webster v. Department of the Army, 911 F.2d 679, 686 (Fed.Cir.1990), cert. denied, 502 U.S. 861 (1991); Yeschick v. Department of Transp., 801 F.2d 383, 384-85 (Fed.Cir.1986); Miguel v. Department of the Army, 727 F.2d 1081, 1083 (Fed.Cir.1984). In this case, the administrative judge weighed the pertinent factors, including the dismissal of the serious charge of threatening a supervisor, as well as Watkins' length of service and letters he submitted from customers on his route indicating their satisfaction with his work. In light of the Postal Service's strong policy against acts of violence and acts that put other employees in fear of violence, the administrative judge found that Watkins' removal, "while severe, is not so severe as to be unreasonable under all the circumstances of [the] case." We agree that, under the circumstances of this case, the penalty of removal was not outrageously disproportionate to Watkins' conduct, and we therefore affirm the Board's decision.