**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CHRISTINE L. HILL,
        Appellant,

      v.

DEPARTMENT OF DEFENSE,
        Agency.

DOCKET NUMBER
SF-0752-16-0127-I-1

DATE: April 13, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bradley R. Marshall, Charleston, South Carolina, for the appellant.

Jennifer Kehe, APO, AP, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's action demoting her for eight specifications of conduct unbecoming a supervisor. Generally, we grant petitions such as this one only in

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the appellant failed to establish any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to decide a due process issue raised below but not addressed in the initial decision, we AFFIRM the initial decision.

¶2      The appellant filed this appeal of the agency's action demoting her from the position of Supervisory Education Program Administrator (Assistant Superintendent) with the Department of Defense Education Activity (DODEA), Department of Defense Dependents Schools, at Yokota Air Base, Japan, to the position of Teacher at Fort Bragg, North Carolina, effective November 20, 2015.[3] Initial Appeal File (IAF), Tab 1 at 2-3. The appellant reported directly to the Japan District Superintendent, who is the proposing official in this appeal. IAF, Tab 6 at 58-61. The deciding official was the Acting Director for DODEA Pacific. *Id.* at 38.

¶3      The Japan District Superintendent proposed the appellant's removal based on eight specifications of conduct unbecoming a supervisor. *Id.* at 58-59. The specifications arose from several encounters between the appellant and

---

[3] The agency subsequently removed the appellant, and the appellant challenged her removal in a separate appeal. *Hill v. Department of Defense*, MSPB Docket No. DC-0752-16-0744-I-2, Final Order (Feb. 21, 2023).

subordinate employees, in which she allegedly made inappropriate statements and took questionable actions. *Id.* The Acting Director for DODEA Pacific mitigated the penalty to a demotion, and the appellant filed this appeal. *Id.* at 35-36. After a hearing, the administrative judge issued an initial decision affirming the demotion. IAF, Tab 41, Initial Decision (ID) at 1, 19. The administrative judge sustained all specifications of the charge. ID at 2-15. He also found no evidence of any improper ex parte communication between one of the witnesses, the proposing official, and the deciding official, as the appellant alleged.[4] ID at 15-17. The administrative judge found that the charge bore a nexus to the efficiency of the service and that the demotion fell within the bounds of reasonableness. ID at 17-19.

¶4 The appellant has filed a petition for review, and the agency has filed in opposition, to which the appellant has replied. Petition for Review (PFR) File, Tabs 5, 7-8.

The administrative judge properly assessed whether witnesses testified credibly.

¶5 The appellant contends that the administrative judge made erroneous assessments of witness credibility. PFR File, Tab 5 at 25-26. She asserts that the administrative judge failed to explain his credibility assessments, specifically when he credited the testimony of agency witnesses over her own testimony. *Id.* at 26. The Board defers to the administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, [288 F.3d 1288](), 1301 (Fed. Cir. 2002). Sufficiently sound reasons include findings that are incomplete, inconsistent with

---

[4] The appellant also originally alleged age and sex discrimination, disparate treatment, and retaliation for prior equal employment opportunity activities. IAF, Tab 1 at 16-18, Tab 24 at 10-11, Tab 31 at 2-4. She later withdrew those claims. IAF, Tab 32; ID at 15 n.4.

the weight of the evidence, and do not reflect the record as a whole. *Faucher v. Department of the Air Force*, 96 M.S.P.R. 203, ¶ 8 (2004).

¶6 We find that the initial decision reflects that the administrative judge identified the factual questions in dispute, summarized the evidence on each disputed question, stated which version he believed, and explained in detail why he found the chosen version more credible, considering all of the relevant factors, including the witnesses' demeanor. *See Hillen*, 35 M.S.P.R. at 458. Accordingly, we find no reason to disturb his well-explained conclusions on credibility.[5]

The appellant failed to show that the agency did not prove the charge.

¶7 The appellant argues that the agency failed to prove the charge, and that her proven conduct was neither improper, nor detracted from her character or reputation as a supervisor. PFR File, Tab 5 at 21. A charge of "conduct

[5] The appellant asserts that she was denied the opportunity to present witnesses who supported her account of events and whose testimony would refute the testimony of the agency witnesses. PFR File, Tab 5 at 26. However, the record does not indicate that she lodged any objection to the administrative judge's exclusion of the witnesses she identified to testify. IAF, Tab 24 at 12-13, Tab 31 at 1; *see Warren v. Department of Defense*, 87 M.S.P.R. 426, ¶ 8 (2001) (holding that an appellant's claim that an administrative judge improperly limited her witness list was not properly before the Board when the appellant did not object below to the administrative judge's rulings on witnesses).

The appellant additionally asserts that the administrative judge "allowed agency witnesses to make statements unrelated to the charges and not offered at the time of their extensive depositions" and that the hearing testimony of these witnesses differed from the sworn statements and depositions they gave. PFR File, Tab 5 at 14. We find these arguments unavailing. Although she identifies the inconsistencies she believes existed regarding the testimony of various witnesses, *id.* at 15-21, she has not shown that she was denied the opportunity to impeach these witnesses during the hearing, and the initial decision makes clear that she testified extensively regarding each charge. The administrative judge simply found the appellant's testimony to be less credible than that of the other witnesses.

In a similar vein, the appellant included a deposition given by the agency's Chief of Labor Management and Employee Relations in her reply to the agency's response to the petition for review. PFR File, Tab 8 at 5 n.1, 11-115. She explains that the administrative judge struck such transcripts from the record, and she argues that "particular attention should be given" to this deposition. *Id.* at 5 n.1. She did not, however, explain *why* the deposition is relevant to the issues raised on appeal.

unbecoming" has no specific elements of proof but is established by proving that the employee committed the acts alleged in support of the broad label.  *Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010).  When, as here, more than one event or specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge.  *Alvarado v. Department of the Air Force*, 103 M.S.P.R. 1, ¶ 16 (2006), *aff'd*, 626 F. Supp. 2d 1140 (D.N.M. 2009), *aff'd*, 490 F. App'x 932 (10th Cir. 2012).

¶8      Here, the agency successfully demonstrated that the appellant engaged in the conduct it alleged in support of the charge and that such conduct was improper or unsuitable for a supervisory employee.  The appellant's attempt to trivialize the impact of her misconduct does not change the fact that she admitted to or did not deny that misconduct.  *See Chavez v. Small Business Administration*, 121 M.S.P.R. 168, ¶ 5 (2014) (finding that an appellant's admission can support an agency's charge of misconduct).  Her argument is thus unavailing.

The appellant has not shown that the agency committed harmful error.

¶9      The appellant asserts that the charges filed against her were too stale to support an adverse action.  PFR File, Tab 5 at 9-11.  She argues that the agency did not investigate the allegations against her for "months" after the actions she was alleged to have committed.  *Id.* at 9.  She asks the Board to remand her appeal for a determination pursuant to *Heffron v. United States*, 405 F.2d 1307, 1311 (Ct. Cl. 1969), as to whether she was prejudiced by a delay in bringing the charges.  PFR File, Tab 5 at 10-11.

¶10      This argument appears to be newly raised on review.  The appellant did not discuss the issue in her prehearing statement, nor did the administrative judge include it in the summary of the telephonic prehearing conference.  IAF, Tab 24 at 10-12, Tab 31 at 1-5.  The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.

*Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  The appellant has not offered any such evidence.  She also has not shown that an unreasonable period of time elapsed before the agency brought a charge against her, much less that a delay in bringing the charge likely caused the agency to reach a different conclusion.  *See Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681 (1991) (holding that reversal of an action for harmful error is warranted where the procedural error likely had a harmful effect upon the outcome of the case before the agency).  The events leading to the appellant's demotion occurred between June and August 2015, and the notice of proposed removal was issued on October 6, 2015.  IAF, Tab 6 at 58-59.

¶11    The appellant also argues that the agency investigation was faulty.  PFR File, Tab 5 at 11-12.  She asserts that the District Superintendent should not have been allowed to serve both as investigator and proposing official.  *Id.*  She alleges that the District Superintendent conducted the investigation "by soliciting subordinate employees to offer any negative statements about [her] under the guise of a 'hostile work environment' claim," even though no such claim was filed with the agency's equal employment opportunity (EEO) office.  *Id.* at 11.  She further alleges that the District Superintendent manipulated these employees to solicit negative information, even convincing an employee with whom the District Superintendent had a close relationship to supplement a prior statement regarding the appellant's conduct.  *Id.* at 11-12 & n.2.  The appellant also alleges that the District Superintendent fabricated the allegations set forth in the eighth specification regarding the alleged extramarital affair.  *Id.*; IAF, Tab 6 at 59.

¶12    The appellant, however, has offered no authority supporting the proposition that the agency's investigator and proposing official must be different persons, or that any information developed in an investigation of a hostile work environment must be submitted to the agency's EEO officials.  As for her assertion that the proposing official manipulated agency witnesses to provide unfavorable testimony, the appellant has offered no evidence that proves her allegation.

Conversely, the administrative judge directly addressed this matter when he found that more than 10 agency witnesses had given credible and consistent testimony that bore no indicia of fabrication. ID at 14.

The appellant has not shown that the agency violated her right to due process.

¶13    The appellant argues that the specifications set forth in the proposal notice lack clarity and did not provide a basis by which she could refute the agency's claims. PFR File, Tab 5 at 9, 12-13. She explains that the specifications do not set forth specific dates, times, and places of her alleged misconduct or identify the persons who were present. *Id.* at 12-13. The lack of detailed notice, she explains, caused the proceedings to be fundamentally unfair and abridged her right to be heard. *Id.* at 13; *see Barresi v. U.S. Postal Service*, 65 M.S.P.R. 656, 666 (1994) (stating that due process mandates that notice be sufficiently detailed to provide a meaningful opportunity to be heard) (citing *Goldberg v. Kelly*, 397 U.S. 254, 267-68 (1970)).

¶14    The appellant asserted these issues below, IAF, Tab 21 at 12-15, but they were not addressed in the initial decision. We do so now and find that the notice of proposed removal set forth an adequate basis for the appellant to refute the agency's claims.[6] Although the proposal notice did not in all cases identify specific dates or audience members, it is sufficiently specific for the appellant to have called to mind the incidents upon which it is based and to understand the agency's objections to her behavior. IAF, Tab 6 at 58-59.

---

[6] The appellant further asserts that the agency did not explain how the charged conduct violated any law. PFR File, Tab 5 at 13. However, an agency may demote an employee for "such cause as will promote the efficiency of the service," a standard which is not limited to conduct that violates a statute, rule, or regulation. 5 U.S.C. § 7513(a); *cf. Fontes v. Department of Transportation*, 51 M.S.P.R. 655, 662-63 (1991) (holding that there is no requirement that an employee must violate a specific written policy before he can be disciplined under chapter 75 because the sole criterion under that chapter is that the adverse action be "for such cause as will promote the efficiency of the service").

¶15    The appellant also alleges that, after she gave her oral response to the charge, an ex parte meeting occurred between the deciding official, the proposing official, and one of the appellant's subordinates.  PFR File, Tab 5 at 21-23.  The appellant alleges that, in her response, she revealed the existence of an extramarital affair between the subordinate and her coworker, and that she believed the relationship adversely affected the work environment.  *Id.* at 21.  The deciding official testified that she contacted both the proposing official and the subordinate regarding the appellant's allegations about the affair.  *Id.* at 21-22; Hearing Compact Disc (HCD) (testimony of the deciding official).  The appellant argues that the meeting was an ex parte communication within the meaning of *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999), and thus it denied her right to due process.  PFR File, Tab 5 at 22-23.

¶16    An appellant has the right to notice of the charges against her and an opportunity to present her side of the story before an agency takes disciplinary action.  *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985); *Arrington v. Department of the Navy*, 117 M.S.P.R. 301, ¶ 16 (2012).  Because of that right, the deciding official is not allowed to consider—either in connection with the charge itself or the penalty—new and material information that she obtained ex parte.  *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone*, 179 F.3d at 1376-77.  Information that the deciding official knew from personal experience is considered ex parte information if the appellant was not informed that it would be considered.  *Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶¶ 5-6, 10 (2011).  In determining whether a deciding official's consideration of information obtained ex parte violates due process, the Board will consider whether the information is "so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances."  *Stone*, 179 F.3d at 1377; *Lopes*, 116 M.S.P.R. 470, ¶ 7.  Relevant factors in making that determination include (1) whether the ex parte communication merely introduces cumulative

information or new information, (2) whether the employee knew of the information and had a chance to respond to it, and (3) whether the ex parte communication was of the type likely to result in undue pressure upon the deciding official to rule in a particular manner. *Stone*, 179 F.3d at 1377. A due process violation requires automatic reversal regardless of whether the error likely affected the agency's decision. *Id.*

¶17        The administrative judge learned from the testimony of the subordinate, the deciding official, and the proposing official that the subordinate told the deciding and proposing officials that her coworker was the father of her new baby during the time that elapsed between issuance of the proposal notice and the agency's decision to demote the appellant. ID at 16; HCD (testimony of the subordinate, the deciding official, and the proposing official). The administrative judge found, however, that such communication was irrelevant to the charge. ID at 16; *see Villareal v. Bureau of Prisons*, 901 F.3d 1361, 1365-66 (Fed. Cir. 2018) (finding no due process violation, in part, because the deciding official did not rely on the ex parte information when making his decision on the removal).

¶18        The appellant also asserts that the subordinate's September 24, 2015 supplemental statement, which was part of the underlying evidence for Specification No. 8, was based upon or was itself an impermissible ex parte communication.[7] PFR File, Tab 5 at 11; IAF, Tab 6 at 96. The subordinate testified that the proposing official asked her if she knew anything about inappropriate photographs taken by, or of, the appellant, and she offered the information set forth in the supplemental statement. HCD (testimony of the subordinate and the proposing official). The information in the supplemental

---

[7] The appellant asserts that the testimony of the proposing official and the subordinate conflicted regarding which of the two women had initiated the subordinate's supplemental statement. PFR File, Tab 5 at 24-25. She asserts that one of these witnesses may have committed perjury. *Id.* Any inconsistency in the testimony, however, was not relevant to the issue of whether improper ex parte communication occurred.

statement, however, was incorporated in the proposal notice, and the appellant had a full opportunity to respond to that notice.  IAF, Tab 6 at 39-52, 59-60. Accordingly, we find no evidence of any improper ex parte communication between the deciding official and other persons, and likewise, we find that the appellant failed to establish a violation of her due process rights.[8]

<u>The deciding official properly considered and applied the *Douglas* factors.</u>

¶19       The appellant contends that the administrative judge erred when he found that the deciding official had properly considered and applied the *Douglas* factors.  PFR File, Tab 5 at 26-29; ID at 17-19; *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).

¶20       The Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness.  *Douglas*, 5 M.S.P.R. at 306.  If the Board sustains an agency's charges, it will defer to the agency's penalty determination unless the penalty exceeds the range of allowable punishment specified by statute or regulation, or unless the penalty is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion.  *Saiz v. Department of the Navy*, 122 M.S.P.R. 521, ¶ 5 (2015).  The Board will defer to the employing agency because it has primary discretion in maintaining employee discipline and efficiency.  *Id.*  The Board will not displace management's responsibility but instead will ensure the agency has properly exercised its managerial judgment.  *Id.*

---

[8]  Likewise, the appellant has not shown that these communications between the deciding official and other persons constituted harmful error.  *Ward*, 634 F.3d at 1281. The appellant has not shown that it was an error for a personal conversation pertaining only to the subordinate and her coworker to have occurred, nor did she show how such a conversation would have caused the agency to reach a conclusion different from the one it would have otherwise reached in the absence or cure of the error.  *Stephen*, 47 M.S.P.R. at 681, 685.

¶21     As set forth in the initial decision, the deciding official considered the nature and seriousness of the offense and its relation to the appellant's duties, position, and responsibilities, including whether the offense was intentional or frequently repeated, her job level, and the type of employment. IAF, Tab 6 at 35; ID at 17-19. The deciding official considered that the appellant held a special supervisory position of leadership, prominence and trust, and that her misconduct was deliberate, directed toward subordinate employees, and generally inappropriate in the workplace. IAF, Tab 6 at 35-36. The administrative judge found that her concerns about the appellant's retention in a leadership or supervisory position were "well founded." ID at 19. Nevertheless, in light of the appellant's successful employment history with the agency and the lack of prior discipline except for the letter of reprimand, the deciding official mitigated the proposed penalty of removal to demotion. IAF, Tab 6 at 36.

¶22     The appellant's arguments on review fail to persuade us that her demotion exceeds the bounds of reasonableness. Although on review the appellant argues that the deciding official failed to consider an additional mitigating factor, her personal circumstances including "marital struggles," PFR File, Tab 5 at 26, she did not directly raise these issues as a mitigating factor in her reply to the deciding official, IAF, Tab 6 at 48-50; *see Yeschick v. Department of Transportation*, 801 F.2d 383, 385 (Fed. Cir. 1986) (holding that neither the agency nor the Board can be held to account for failing to consider factors not identified by the appellant as significant). Further, we would reach the same conclusion even if we were to reweigh the penalty in light of that factor. We would give far greater weight to other factors, including the nature and seriousness of the offense, and its relation to the appellant's duties, role, and responsibilities as a supervisor and educational leader. We have considered the appellant's arguments about the deciding official's alleged improper management of her, PFR File, Tab 5 at 28; however, we agree with the administrative judge's finding that the agency's penalty is within the bounds of reasonableness, ID

at 17-19. We additionally find that the appellant offered no authority in support of her argument that the agency retaliated against her by changing her duties and conditions of employment during the period that followed her receipt of the proposal notice. PFR File, Tab 5 at 28. In fact, we find the proposing official's actions reasonable, given the appellant's well-documented misconduct that went to the heart of her role as a supervisor and leader.

The administrative judge did not abuse his discretion on discovery matters.

¶23     The appellant contends that the administrative judge abused his discretion by denying her motions to compel and for sanctions. PFR File, Tab 5 at 23-25; IAF, Tabs 13, 18. The Board's regulations grant the administrative judge broad discretion in managing appeals. *See* 5 C.F.R. § 1201.41(b). The Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion. *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table). On January 25, 2016, the appellant filed a motion for an extension of time in which to conduct depositions and to compel full and complete discovery responses. IAF, Tab 13. On February 4, 2016, the administrative judge granted the appellant's motion to compel for her first request for production and suspended case processing to allow additional time for discovery or settlement. IAF, Tab 16. The administrative judge did not rule on the motion to compel regarding the appellant's second request for discovery because she had not submitted a copy of the discovery request with the motion. *Id.* at 1. On February 17, 2016, the appellant filed another motion to compel for the second request for discovery and for sanctions. IAF, Tab 18. Therein, she asserted that sanctions were in order because the agency representative disrupted the deposition of the proposing official "with repeated objections, comments, attempts to shape his client's testimony, and forcing the deposition to be ended before the time needed to conduct an examination and allowed by MSPB law." *Id.* at 12. The appellant alleged that he behaved similarly at other depositions. *Id.* Although the appellant

alleges on review that the administrative judge flatly denied her motions, PFR File, Tab 5 at 23, the record shows otherwise, IAF, Tab 16, Tab 31 at 6. The administrative judge even allowed the appellant to continue deposing the proposing official, although her representative had been the one to end the deposition prematurely. IAF, Tab 31 at 6. We thus find that the administrative judge did not abuse his discretion in handling these discovery matters.

The Board will not award sanctions against the agency.

¶24    The appellant alleges that the agency representative engaged in egregious misconduct during the proceedings by disparaging her representative. PFR File, Tab 5 at 24, Tab 8. The appellant requests that the Board sanction the agency and refer her case to the Office of Special Counsel for purposes of investigating the agency representative's conduct "during closing argument and in the proceedings." *Id.* at 24. The appellant, however, did not identify in detail any specific examples of the offensive comments and conduct she alleges occurred, even in her reply to the agency's response, which specifically addresses her request for sanctions. PFR File, Tab 8. As we have explained above, the administrative judge acted within his sound discretion in his consideration of the appellant's request for sanctions. IAF, Tab 18, Tab 31 at 6. For all of these reasons, we thus affirm the initial decision as modified.

## NOTICE OF APPEAL RIGHTS[9]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10] The court of appeals must <u>receive</u> your

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.