NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3448

JEROME HALL,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

_____

DECIDED: June 9, 2005

_____

Before MAYER, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

Jerome Hall ("Mr. Hall") seeks review of an arbitrator's decision affirming his removal by the Department of Homeland Security ("DHS"). In the Matter of Arbitration Between AFGE Local 3123, Union, and Dep't of Homeland Sec., (July 27, 2004) (Zigman, Arbitrator). Because Mr. Hall has not shown the arbitrator's decision to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence, we affirm.

BACKGROUND

Mr. Hall worked as a detention enforcement officer with the Immigration and Naturalization Service ("INS") beginning July 1997. From July 1997 to July 2002 he was assigned to the Baltimore, Md. District. In July 2002, Mr. Hall transferred to the Atlanta District and was assigned to the Raleigh, N.C. sub-district. His direct supervisor in Raleigh was Paige Edenfield, the supervising detention and deportation officer for both North and South Carolina.

Mr. Hall's job required him to pick up aliens from different facilities, transport them to facilities that have government contracts, book the aliens in and out of jail, enter biographical information into the Deportable Alien Control System ("DACS"), and conduct domestic and foreign escorts. These duties were reviewed during a "performance rating period" from April 1, 2002 to March 31, 2003; the Baltimore District reviewed his first three months and the Atlanta District the remaining nine.

On November 18, 2002, Ms. Edenfield conducted a midterm performance review with Mr. Hall. Her review provided Mr. Hall a performance appraisal record and discussed his performance. The appraisal divided Mr. Hall's duties into seven "critical elements." She rated Mr. Hall fully successful in only one critical element, minimally satisfactory in four elements, and unsatisfactory in two others.

Because of his midterm performance review, Ms. Edenfield gave Mr. Hall a written performance improvement plan ("PIP"). The PIP stated that Mr. Hall's performance in four critical areas was unsatisfactory and advised him that the plan would be in place during the remainder of the rating period. The PIP also listed twelve specific areas that required improvement.

Ms. Edenfield discussed Mr. Hall's performance with him a number of times prior to his midterm review. She also testified that she trained Mr. Hall and gave him feedback after the PIP was issued. Mr. Hall, however, contended that Ms. Edenfield did not explain his past performance prior to the PIP. He also contended that Ms. Edenfield did not review and explain the PIP nor train him and provide feedback based on the plan. The only written documentation verifying the consultations dealt with a two hour DACS training session on December 2002.

Based on Mr. Hall's performance and lack of improvement, the head of the deportation branch for the Atlanta District, Tony Campos, recommended Mr. Hall's removal. On September 5, 2003, Mr. Hall was notified of the Agency's proposal to remove him for (1) unauthorized use of a government cellular telephone, (2) inattention to duty, and (3) unacceptable performance. The unauthorized use of a government cellular telephone charge arose from Mr. Hall's use of 4,200 minutes of unauthorized long distance telephone calls costing approximately $1,200. The inattention to duty charge was brought since Mr. Hall's passport expired and an escort to Liberia had to be cancelled as a result. The final charge, unacceptable performance, was premised on Mr. Hall's errors in entering information in the DACS computer system.

After sending the letter proposing removal, Mr. Campos learned that Mr. Hall had not participated in a training program developed for all new and experienced officers entering the Atlanta District. The program included training with forms, paperwork, and the DACS computer system. According to Mr. Campos the training program may have cured some of Mr. Hall's performance deficiencies. Mr. Campos informed the deciding official, Michael Rozos, that he would not have recommended removal if he had known.

Mr. Rozos let the removal stand, however. Mr. Campos suggested during the arbitration that he would have recommended oral counseling or an oral reprimand in this instance rather than removal.

The arbitrator's initial decision on July 27, 2004, after a hearing and review of the record, affirmed Mr. Hall's removal. Specifically, the arbitrator looked at each charge individually. The arbitrator found that just cause existed to discipline, but not remove, Mr. Hall with respect to the inattention to duty charge. The arbitrator also found that the DHS did not meet its burden concerning the unacceptable work performance charge to support removal. The arbitrator noted that if the initial removal was predicated solely on the inattention to duty and unacceptable performance charges, the removal would not stand. Because the removal was also based on the unauthorized use of a government cellular telephone, the arbitrator sustained the removal. The arbitrator noted that the unauthorized use of a government cellular telephone "played a significant role in the severity" of the charge and Mr. Hall's removal. Mr. Hall timely appealed to this court and we have jurisdiction under 28 U.S.C. § 1295(a)(9) (2000) and 5 U.S.C. §§ 7121(f), 7703 (2000).

DISCUSSION

An arbitrator is bound to apply the same substantive legal standards as the Merit Systems Protection Board ("MSPB"). Cornelius v. Nutt, 472 U.S. 648, 660 (1985). We review an arbitrator's decision under the same standard used for appeals from the MSPB. 5 U.S.C. § 7121(f) (2000). Accordingly, we must affirm the arbitrator's decision unless we determine that it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law,

rule, or regulation having been followed; or (3) unsupported by substantial evidence. See 5 U.S.C. § 7703(c) (2000); Kileen v. Office of Pers. Management, 382 F.3d 1316, 1320 (Fed. Cir. 2004).

On appeal, Mr. Hall challenges the arbitrator's decision that his removal was justified. Mr. Hall argues that the penalty should be mitigated because the arbitrator did not uphold all the charges. Mr. Hall also argues that since the arbitrator did not uphold all of the DHS's charges that the maximum penalty cannot be imposed. Further, Mr. contends that the arbitrator abused his discretion when he did not place more weight on Mr. Campos' testimony. Mr. Hall also argues that the removal was too severe relative to penalties received by other employees in similar circumstance. Finally, Mr. Hall argues that the arbitrator misapplied the Douglas factors.

Mr. Hall first argues that the arbitrator erred by not mitigating the penalty of removal after some of the charges against him were not sustained. Specifically, he contends that since the government failed to carry its burden of proof concerning the unacceptable work performance charge the arbitrator should have assessed the penalty of oral counseling or light suspension. He finds support in this proposition from Mr. Campos testimony that Mr. Hall's offenses should lead to oral counseling rather than removal. The removal, however, was also based on the unauthorized use of the cellular telephone charge, which the arbitrator noted "played a significant role in the severity of the discipline."

Since the arbitrator agreed with the penalty assessment (removal), yet declined to affirm all charges (unacceptable work performance), the arbitrator must "precisely articulate the basis for upholding the agency's action." LaChance v. Devall, 178 F.3d

1246, 1258 (Fed. Cir. 1999). The arbitrator found that Mr. Hall's 4,200 minutes of unauthorized time, costing the government approximately $1,200, including spending part of his work time on these calls, was conduct so serious as to justify removal. The arbitrator's focus on the egregiousness of Mr. Hall's misuse of a government cellular telephone fulfills this requirement. We find no error in this determination.

Mr. Hall also contends that since the arbitrator sustained fewer than all of the DHS's charges, the arbitrator cannot affirm the maximum reasonable penalty (removal) because Mr. Campos, the proposing official, recommended that Mr. Hall be given only a reprimand. See LaChance, 178 F.3d at 1260 (noting that there must be a nexus between the original agency action and a sustained penalty). The arbitrator noted that Mr. Campos' opinion for reversing his recommendation, however, was based solely on the charge of unacceptable work performance since Mr. Hall did not receive orientation training. Further, Mr. Rozos, the deciding official, decided to let the removal stand after he learned that Mr. Hall did not receive the training. Accordingly, the arbitrator did not err by not mitigating the penalty of removal based on Mr. Campos' comments concerning orientation training.

Mr. Hall also argues that the arbitrator abused his discretion when he did not place more weight on Mr. Campos' testimony that the charges would ordinarily only require oral counseling or a reprimand. Due to the egregiousness of the unauthorized use of a government cellular telephone charge, the arbitrator found this portion of Mr. Campos' testimony "inconsistent with the principles of just cause." The weight to be given to Mr. Campos' views concerning the appropriate penalty is within the discretion of the administrative Judge.

Mr. Hall also challenges the penalty of removal, arguing that it was too severe relative penalties other DHS employees received for similar misconduct. The "[d]etermination of an appropriate penalty is a matter committed primarily to the sound discretion of the employing agency." Zingg v. Dep't of the Treasury, 338 F.3d 839, 843 (Fed. Cir. 2004). Mr. Hall claims that since three people who misused their government issued cellular telephones and four officers who failed to renew their passports were not removed then his penalty should be reprimand, rather than removal. We disagree. In each of these situations on which Mr. Hall relies, none of the employees appears to have other violations pending, past disciplinary actions, as severe an indiscretion, or as heavy an impact on coworkers as Mr. Hall. Further, as the government notes, removals have been affirmed based in whole, or in part, upon unauthorized use of government issued telephones. See, e.g., Bledsoe v. Dep't of Justice, 91 M.S.P.R. 93, 120 (2002); Lewis v. General Services Admin., 82 M.S.P.R. 259, 265 (1999); Mitchell v. Dep't of Defense, 22 M.S.P.R. 271, 273-274 (1984). Finally, as a law enforcement officer, Mr. Hall is held to a higher standard of conduct than other federal employees. Watson v. Department of Justice, 64 F.3d 1524, 1530 (Fed. Cir. 1995). Mr. Hall has not shown that his removal was "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." Villela v. Dep't of the Air Force, 727 F.2d 1574, 1576 (Fed. Cir. 1984)

Finally, Mr. Hall contends that the arbitrator failed to consider properly the criteria set forth in Douglas v. Veterans Admin., 5 M.S.P.R. 280, 305-306 (1981). We begin by noting that the factors in Douglas are not exhaustive and an agency is required only to balance those factors relevant to the action. See Douglas, 5 M.S.P.R. at 305-306

(noting that some of the factors may weigh in favor of the appellant and that selection of an appropriate penalty must "involve a responsible balancing of the relevant factors"). While the arbitrator did not analyze each <u>Douglas</u> factor individually, the record establishes that he properly considered the relevant criteria, including mitigating factors. The arbitrator reviewed the record and examined the totality of the circumstances, including:  the nature and seriousness of the cellular telephone misuse; Mr. Hall's past disciplinary record; the impact his actions had on his coworkers and supervisor; the consistency of the penalties with other penalties imposed for similar offenses; his heightened standard of conduct as an officer; and the value of imposing a lesser penalty.  We cannot say that the removal is so "outrageously disproportionate" to the offenses as to constitute an abuse of discretion in light of all relevant factors.  <u>See Yeschick v. Dep't of Transp.</u>, 801 F.2d 383, 384-85 (1986).

CONCLUSION

We find that the arbitrator's decision affirming Mr. Hall's removal is supported by substantial evidence; was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; and was not obtained without procedures required by law, rule, or regulation having been followed.  Accordingly, we affirm the decision of the arbitrator.

No costs.