# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

CYNTHIA M. MCCRAY,
               Appellant,

v.

DEPARTMENT OF VETERANS
   AFFAIRS,
               Agency.

DOCKET NUMBER
AT-0752-14-0810-I-1

DATE: February 9, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Cynthia M. McCray, Memphis, Tennessee, pro se.

Bradley Flippin, Nashville, Tennessee, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained the appellant's 21-calendar day suspension. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The appellant filed an appeal of the agency's action suspending her for 21 calendar days from her position as a GS-07 Purchasing Agent within the agency's Prosthetics Treatment Center.  Initial Appeal File (IAF), Tab 1.  The agency based its action on the following two charges:  (1) failure to follow supervisor instructions (two specifications); and (2) failure to answer and respond to telephone calls and/or emails from customers (two specifications).  IAF, Tab 4, Subtab 4d.  On appeal, the administrative judge sustained the first charge, finding that the agency proved both specifications.  IAF, Tab 18, Initial Decision (ID) at 6.  Regarding the second charge, the administrative judge did not sustain the first specification, finding that the agency did not prove that the appellant failed to answer telephone calls on December 9, 2013.  The administrative judge did, however, sustain the second specification, finding that the agency proved by preponderant evidence that the appellant failed to answer emails and telephone calls from a customer on January 31, 2014, and, thus, sustained the second charge.  To the extent that the appellant raised the affirmative defenses of a due process violation and harmful error in the application of the agency's procedures, the administrative judge found that the appellant failed to meet her burden of

proof. The administrative judge concluded that the penalty of a 21-day suspension was not excessive and, thus, affirmed the agency's action.

¶3 On review, the appellant accuses the administrative judge of bias. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). Here, the appellant asserts that the administrative judge showed bias by finding that she had committed insubordination—a level of misconduct more serious than what the agency charged. Petition for Review (PFR) File, Tab 1 at 3. She also asserts that the administrative judge showed bias by finding her testimony "VAGUE AND EVASIVE AND UNWORTHY OF BELIEF." *Id.* (capitals in original). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Further, an allegation of bias by an administrative judge must be raised as soon as practicable after a party has reasonable cause to believe that grounds for disqualification exist and must be supported by an affidavit. *Lee v. U.S. Postal Service*, 48 M.S.P.R. 274, 280-82 (1991).

¶4 Here, the appellant has failed to support her claim with an affidavit and there is nothing in the record to support a finding of bias by the administrative judge. Rather, the record reflects that the appellant is dissatisfied with the administrative judge's adjudicatory rulings and credibility determinations. This does not establish bias. Moreover, while the appellant challenges the administrative judge's determination that her actions constitute insubordination, which could properly be relied on as an enhancement factor in the penalty determination, his finding is correct. If an agency proves that the employee's failure to follow instructions was intentional rather than merely negligent, then it

is free to use the fact as an aggravating factor in the penalty section. *See Hamilton v. U.S. Postal Service*, [71 M.S.P.R. 547](#), 556 (1996).

¶5        The appellant also appears to challenge the administrative judge's determinations regarding the sustained specifications.   In this connection, the appellant appears to reassert her claim that, in the interest of privacy and patient care, she was justified in her actions.  PFR File, Tab 1 at 4.  The appellant has failed to provide any evidence, however, to support her claim.   We have considered the appellant's arguments on review concerning the administrative judge's weighing of the evidence, and find that the applicable law and the record evidence support the administrative judge's findings that the agency proved by preponderant evidence the charged misconduct of failure to follow supervisory instructions and failure to answer and respond to telephone calls and/or emails from customers.  Thus, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge.  *See Crosby v. U.S. Postal Service*, [74 M.S.P.R. 98](#), 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, [33 M.S.P.R. 357](#), 359 (1987) (same).

¶6        Specifically, the administrative judge thoroughly addressed the record evidence, as well as the hearing testimony and found that the appellant admitted that she intentionally refused to comply with her supervisor's order on December 4, 2013, to generate a quote for patient supplies, and she testified that, because she did not agree with her second-level supervisor's instructions on January 31, 2014, she refused to comply with the direct order to reprint a vendor's payment information and to discuss it with the vendor's representative. ID at 3-5.  The administrative judge found further that the appellant did not dispute that on January 31, 2014, she told her second-level supervisor that she refused to comply with the order and that she could "do what you have to do."  ID

at 5. Consequently, the administrative judge determined that the appellant's failure to comply with her supervisor's orders was intentional. ID at 6. While the administrative judge did not sustain the first specification of the second charge, finding that the agency did not prove that the appellant failed to answer telephone calls on December 9, 2013, the administrative judge did, however, sustain the second specification, finding that the agency proved by preponderant evidence that the appellant failed to answer emails and telephone calls from a customer on January 31, 2014, and, as a result, he sustained the second charge. ID at 7-9. An agency is required to prove only the essence of its charge, and need not prove each factual specification supporting the charge. *Hicks v. Department of the Treasury*, 62 M.S.P.R. 71, 74 (1994), *aff'd*, 48 F.3d 1235 (Fed. Cir. 1995) (Table). Thus, while the appellant disagrees with the administrative judge's findings, her bare assertions are insufficient to warrant disturbing the administrative judge's reasoned conclusions.

¶7        In addition, the appellant argues that the deciding official failed to consider all of the *Douglas*[2] factors. However, it is well settled that not all of the factors are pertinent in every case. *See Luna v. Social Security Administration*, 85 M.S.P.R. 301, ¶ 16 (2000). Further, an agency need not demonstrate that it considered all mitigating factors in determining the penalty; similarly, the administrative judge need not contemplate mitigating factors not identified by the appellant as significant. *See Yeschick v. Department of Transportation*, 801 F.2d 383, 385 (Fed. Cir. 1986). In this case, the deciding official considered the appellant's years of service, the seriousness of the charged misconduct and the ineffectiveness of lesser discipline (including two recent shorter suspensions) for similar conduct in the past, and whether there were mitigating circumstances that

---

[2] The Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981).

would warrant mitigation of the penalty. IAF, Tab 4, Subtab 4a, Tab 16, Hearing CD (testimony of the deciding official). Thus, the record shows that the deciding official properly considered the relevant *Douglas* factors. Moreover, the record reflects that the administrative judge also thoroughly addressed the reasonableness of the penalty. ID at 11-13. In doing so, the administrative judge considered the relevant *Douglas* factors and the seriousness of the penalty and found the 21-calendar day suspension reasonable. Under all of these circumstances and after carefully weighing the *Douglas* factors, we find no justification to disturb the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.