# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

MICHAEL C. MARQUART,
              Appellant,

       v.

DEPARTMENT OF THE INTERIOR,
           Agency.

DOCKET NUMBER
SF-0752-14-0714-I-1

DATE: December 8, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael C. Marquart, Lewistown, Montana, pro se.

Kevin D. Mack, Esquire, Sacramento, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed an appeal of the agency's action removing him from the position of State Chief Ranger,[2] GS-13, with the agency's Bureau of Land Management, Office of Law Enforcement and Security, based on charges of Conduct Unbecoming a Federal Employee and Refusal to Comply with a Proper Order. Initial Appeal File (IAF), Tab 1. Following an investigation conducted by the Office of Professional Responsibility into allegations of egregious misconduct by the appellant during a meeting at the Hilton Garden Inn, Reno, Nevada, and at the Burning Man Event on August 24, 2013, the agency proposed the appellant's removal based on three charges. IAF, Tab 4, Subtab 4h. After the appellant's oral and written responses, the agency sustained two of the charges and removed the appellant on July 1, 2014. *Id*., Subtab 4b.

¶3 On appeal, the appellant challenged the charges and raised claims of disability discrimination based on a perceived disability and retaliation for filing equal employment opportunity (EEO) complaints. IAF, Tabs 1, 17. After

---

[2] The record reflects that the appellant served as the principal technical expert and authority on Ranger operations within Nevada, as well as the key advisor to the Special Agent-in-Charge (SAC) and to the Nevada State Leadership Team on all areas of law enforcement-related activities throughout the state of Nevada.

holding a hearing, the administrative judge sustained all of the specifications and both charges, finding the sustained misconduct very serious. Initial Decision (ID) at 9-16. The administrative judge found that the appellant failed to demonstrate by a preponderance of the evidence his claim of unlawful discrimination based on disability. ID at 19. The administrative judge found further that the appellant failed to establish a genuine nexus between the protected activity and the adverse employment action, and thus, failed to demonstrate by preponderant evidence his claim of unlawful retaliation based on his EEO complaints. ID at 21.

¶4　　　The appellant has filed a petition for review challenging all of the administrative judge's factual findings and reasserting his version of what occurred during the relevant incidents.[3] Petition for Review (PFR) File, Tab 4. Regarding the first specification of Charge 1, Conduct Unbecoming a Federal Employee, the appellant asserts that the administrative judge mischaracterized both a sworn statement provided by one witness and the testimony of other witnesses regarding the Hilton Garden Inn incident. *Id*. at 5-9. Regarding the second specification, the appellant asserts that the administrative judge erred in relying on the inconsistent testimony of several witnesses rather than the appellant's testimony about what occurred during the incident in question. *Id*. at 2-8, 10-13.

¶5　　　We have considered the appellant's arguments on review concerning the administrative judge's weighing of the evidence for these specifications under Charge 1; however, the applicable law and the record evidence support the administrative judge's findings that the agency proved by preponderant evidence the charged misconduct of Conduct Unbecoming a Federal Employee. Thus, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the

---

[3] The agency did not file a response to the appellant's petition for review.

administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same); *see Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002) (the Board may overturn an administrative judge's credibility determinations that are implicitly or explicitly based on demeanor only when it has "sufficiently sound" reasons for doing so).

¶6        Here, the administrative judge thoroughly addressed the record evidence, including the hearing testimony and the appellant's version of the incidents, and found that "based on the totality of the evidence," the agency proved Specifications 1 and 2 by preponderant evidence.  ID at 12, 14.  In making this determination, the administrative judge found the testimony of the agency's witnesses to be more credible than that of the appellant and his witness.  *Id*.  Thus, the administrative judge found that the appellant engaged in the conduct as alleged and that his statements and behavior constituted Conduct Unbecoming a Federal Employee, particularly for a law enforcement officer.  *Id*.  While the appellant disagrees with the administrative judge's findings, his bare assertions are insufficient to warrant disturbing the administrative judge's thorough and well-reasoned conclusions.

¶7        To the extent the appellant asserts that because he never verbally or physically threatened anyone with his weapon the agency failed to prove Specification 2, he ignores that the agency did not charge him with making a threat.  PFR File, Tab 4 at 12.  Rather, the agency charged the appellant with Conduct Unbecoming a Federal Employee.  Consequently, the agency was not required to prove that a threat had occurred.  *See Wiley v. U.S. Postal Service*, 102 M.S.P.R. 535, ¶¶ 8-11 (2006) (finding that, where an agency charged an employee with "improper conduct/violation of zero tolerance policy on violence in the work place," based on allegations that he made threatening remarks in the

presence of coworkers, the agency was not required to prove that his remarks constituted a threat), *aff'd*, 218 F. App'x 1001 (Fed. Cir. 2007).

¶8      As to Charge 2, Refusal to Comply with a Proper Order, the appellant admits that he did not comply with the direct orders from his supervisors, the SAC and the Assistant Special Agent in Charge (ASAC), to leave the 2013 Burning Man Event, and he reasserts that he "was not obligated to comply with the directives/orders because doing so would have jeopardized office and public safety and, as such, it was an illegal order." PFR File, Tab 4 at 13. Yet, as the administrative judge correctly found, an employee does not have the unfettered right to disregard an order based on his belief that the order is not proper; rather, he must first comply with the order and then register his complaint. ID at 15-16; *Bowen v. Department of the Navy*, 112 M.S.P.R. 607, ¶ 15 (2009), *aff'd*, 402 F. App'x 521 (Fed. Cir. 2010). While there is no dispute that exceptions to the requirement that agency orders be followed apply where obedience would place the employee in a clearly dangerous situation or cause irreparable harm to the agency, *see Pedeleose v. Department of Defense*, 110 M.S.P.R. 508, ¶ 17, *aff'd*, 343 F. App'x 605 (Fed. Cir. 2009), we agree with the administrative judge that neither circumstance is present here, ID at 16.

¶9      On review, the appellant asserts for the first time that the agency failed to properly complete the applicable Standard Form 50s (SF-50s) to certify the designations of the SAC and ASAC and that the directive to leave the Burning Man Event was rendered "irrelevant or unlawful." PFR File, Tab 4 at 15. However, the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Moreover, even if the SF-50s were not properly completed, as the appellant alleges, this still would not relieve him of his burden to first comply with the order and then register his complaint. *Bowen*, 112 M.S.P.R. 607, ¶ 15. Although there is an exception for

clearly unlawful orders, we discern no basis for applying this exception here where there is no indication that the directive violated a law or regulation. *See Pedeleose*, 110 M.S.P.R. 508, ¶ 18. Therefore, this argument provides no basis upon which to disturb the initial decision.

¶10 Additionally, the appellant challenges the administrative judge's findings that he has not established his affirmative defenses. Specifically, the appellant reasserts that the agency perceived him as having a mental or physical impairment, and thus, the agency's actions against him, i.e., his placement on involuntary leave, the suspension of his enforcement authority, and his removal, were all prohibited actions under the Americans with Disabilities Act. PFR File, Tab 4 at 16-20. However, the administrative judge thoroughly addressed the appellant's arguments and he has provided no basis upon which to disturb them.

¶11 Because a hearing was held and the record was complete, the administrative judge proceeded to the ultimate determination of whether the appellant met his burden of proving discrimination. ID at 18. After weighing all of the evidence, the administrative judge found that "the agency articulated legitimate, nondiscriminatory reasons for the appellant's removal with the two charges sustained by the deciding official in his Decision letter and [the agency] has thus demonstrated by clear and convincing evidence that it would have taken the same action absent the discriminatory motive." *Id*. The administrative judge also found that the appellant failed to provide any evidence that the agency's action was pretextual, or that the real reason for his removal was because of a perceived mental disability or impairment. *Id*. In addition, the administrative judge found credible the testimony from agency officials that the basis for the appellant's removal was his conduct and not any disability, and that while there were comments about the appellant's bizarre and erratic behavior, none of the individuals commented or perceived that the appellant was mentally disabled. ID at 19. Finally, the administrative judge found that the appellant failed to provide

any comparator employees who might have been similarly situated to him to support a disparate treatment theory.

¶12 While the appellant reasserts on review that the agency perceived him as having a mental or physical impairment and he relies on comments in the agency's report of investigation to support the claim, PFR File, Tab 4 at 17-20, the administrative judge thoroughly reviewed all of the evidence and set forth reasoned findings as to why the appellant failed to prove his disability discrimination claim, ID at 19. The applicable law and the record evidence support these findings and we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby*, 74 M.S.P.R. at 105-06.

¶13 As to the appellant's contention that his removal was retaliation for engaging in protected activity and that he demonstrated a genuine nexus between the retaliation and his removal, we disagree. Specifically, the appellant reasserts that, once he filed his EEO complaints, the agency subjected him to retaliatory animus and adverse employment actions. PFR File, Tab 6 at 27. The administrative judge, however, again fully considered the evidence and made findings on this affirmative defense and the appellant's mere disagreement with these findings on review does not warrant disturbing the initial decision.

¶14 The appellant also argues that the administrative judge's rulings "during the course of the appeal of the initial decision were not consistent with required procedures or involved an abuse of discretion." PFR File, Tab 4 at 29-31. In particular, the appellant contends that the administrative judge abused her discretion when she compelled him to testify, despite his attorney's objections.

¶15 The record reflects that the appellant was requested and approved as a witness for both the agency and the appellant. IAF, Tab 14. The record further reflects that, when the appellant's attorney chose not to have the appellant testify at the conclusion of his case and asserted that the agency could not now call the appellant to testify because it had not called him during its case in chief, the

administrative judge held a discussion on the record. IAF, Tab 25, Hearing Compact Disc (HCD). During this discussion, the appellant's attorney confirmed that both parties had requested the appellant as a witness. *Id*.; IAF, Tab 17. The administrative judge reminded the appellant's attorney that, prior to the start of the hearing, the agency agreed to defer its questioning of the appellant until after he was questioned by his own attorney so that the appellant would have to testify only once. IAF, Tab 25, HCD. The administrative judge further advised the appellant's attorney that, based on that agreement, the agency's decision not to call the appellant as a witness during its case in chief did not preclude the agency from calling him to testify, even though he was not testifying in his own defense. *Id*. Moreover, and contrary to the appellant's assertion on review, the record reflects that his attorney did not object to the administrative judge's ruling on this matter and in fact conceded that the agency could call the appellant as a witness. *Id*. Accordingly, we find no merit to the appellant's arguments in this regard. *See Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 12 (2013) (determining that an administrative judge has wide discretion to control the proceedings before him, including the authority to include or exclude testimony).

¶16    The appellant also asserts that the administrative judge abused her discretion by failing to grant the parties the opportunity to submit closing arguments. PFR File, Tab 4 at 29. The appellant, however, has not cited to any law, rule, or regulation requiring that he be afforded an opportunity to make a closing argument or file a closing brief. In fact, closing arguments and the submission of post-hearing briefs are committed to the administrative judge's sound discretion, *see Bowen*, 112 M.S.P.R. 607, ¶ 18 n.6; *Ford v. Department of the Navy*, 43 M.S.P.R. 495, 500 (1990), and the appellant has shown no abuse of discretion in this regard.

¶17    Additionally, the appellant raises numerous arguments asserting that the agency did not comply with discovery below, PFR File, Tab 4 at 31-34, including that he was not provided complete transcripts of the recorded interview of at least

one witness prior to the close of the record and that the agency did not comply with his request to produce documents during discovery. *Id.* However, our review of the record reflects that the appellant, who was represented by counsel, failed to file a motion to compel in accordance with the Board's regulations. *See* 5 C.F.R. § 1201.73(c) (indicating the requirements for a motion to compel). The Board does not get involved in discovery disputes unless or until a motion to compel has been filed. The appellant's failure to file a motion to compel below precludes him from raising a discovery dispute for the first time on review. *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006). In any event, even if the appellant had filed a motion to compel, he has not shown how the information he sought to discover would have changed the result in this appeal. *See id.*

¶18    Finally, the appellant challenges the administrative judge's determination that the penalty of removal is reasonable. The appellant raises numerous arguments as to how the penalty is not reasonable and that it does not promote the efficiency of the service and he asserts that the agency failed to consider and give weight to all of the relevant *Douglas* factors.[4] PFR File, Tab 4 at 31-33.

¶19    However, it is well settled that not all of the *Douglas* factors are pertinent in every case. *See Luna v. Social Security Administration*, 85 M.S.P.R. 301, ¶ 16 (2000). Further, an agency need not demonstrate that it considered all mitigating factors in determining the penalty; similarly, the administrative judge need not contemplate mitigating factors not identified by the appellant as significant. *See Yeschick v. Department of Transportation*, 801 F.2d 383, 385 (Fed. Cir. 1986). In this case, the deciding official considered the appellant's years of service, the egregiousness of the charged misconduct, particularly in light of his position as a

---

[4] The Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981).

law enforcement officer, and whether there were mitigating circumstances that would warrant mitigation of the penalty. The deciding official also found the appellant's potential for rehabilitation to be poor. Thus, the record shows that the deciding official properly considered the relevant *Douglas* factors. Moreover, the administrative judge also thoroughly addressed the reasonableness of the penalty. ID at 22-25. In doing so, the administrative judge considered the relevant *Douglas* factors and the egregiousness of the misconduct and found the removal reasonable, especially in light of the fact that the appellant accepted no responsibility for his misconduct and he failed to appreciate the gravity of what he did. The administrative judge also considered that the appellant acknowledged that he was given orders, that he understood them, and that he was provided several opportunities to comply but refused to do so. ID at 25. Thus, she found no circumstances that would warrant mitigating the removal to a lesser penalty. *Id*. Under all of these circumstances, we find no justification to disturb the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.