## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOEL ERICKSON,
> Appellant,

v.

DEPARTMENT OF
  TRANSPORTATION,
> Agency.

DOCKET NUMBER
DA-0752-19-0271-I-1

DATE:  June 28, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Joel Erickson</u>, Oklahoma City, Oklahoma, pro se.

<u>Beau S. Bruhwiler</u>, Esquire, Oklahoma City, Oklahoma, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was a Flight Inspection Operations Specialist with the Federal Aviation Administration (FAA). Initial Appeal File (IAF), Tab 6 at 17. The agency removed him effective March 15, 2019, for the charge of excessive absence. IAF, Tab 6 at 19-22, 25-28. The agency cited as the basis of its charge his use of 776 hours of annual and sick leave between April 1, 2018, and February 6, 2019. *Id*. at 26.

Following his removal, the appellant filed the instant appeal, alleging that he had been disabled since May 2018 and unable to walk "due to severe diabetic neuropathy." IAF, Tab 1 at 4. He stated that his condition has not improved since then. *Id*. He alleged disability discrimination on the basis of the agency's failure to accommodate, but confirmed that he was not alleging disability discrimination on the basis of disparate treatment or disparate impact. IAF, Tab 13 at 4-6.

After the appellant withdrew his request for a hearing, the administrative judge issued an initial decision on the written record, affirming the agency's action. IAF, Tab 28, Tab 32, Initial Decision (ID) at 1. He found that the agency

met its burden of proving the charge by preponderant evidence. ID at 4-6. He also found that the appellant failed to prove his affirmative defense of disability discrimination based on a failure to accommodate. ID at 6-10. The administrative judge additionally found a nexus between the charge and the efficiency of the service and concluded that the penalty of removal was reasonable. ID at 10-12.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1 at 4. He argues that he can complete his work via teleworking and that the agency discriminated against him based on his disability. *Id.* He also lists his length of service and lack of prior disciplinary or performance problems as mitigating factors. *Id.* The agency has responded to his petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The parties do not challenge the administrative judge's finding that the agency proved its charge of excessive absence and the nexus of the charge to the efficiency of the service. Therefore, we decline to disturb these findings on review. *See* 5 C.F.R. § 1201.115 (explaining that the Board normally considers only those issues raised on review). Instead, we will focus on the specific disability discrimination and penalty issues the appellant has raised. PFR File, Tab 1 at 4.

The appellant has failed to prove his affirmative defense of disability discrimination.

The appellant on review repeats his argument that he was discriminated against because of his disability. PFR File, Tab 1 at 4. The administrative judge found that the appellant failed to prove his affirmative defense of failure to accommodate. ID at 6-10. We agree. As the administrative judge observed, the appellant confirmed he was not asserting a claim of disability discrimination based on disparate impact or disparate treatment. ID at 6 n.4; IAF, Tab 13 at 6.

To the extent the appellant is raising a disparate treatment or disparate impact claim on review, we find that he has waived those arguments. PFR File, Tab 1 at 4; *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding that the Board generally will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite a party's due diligence). As such, we only address his argument regarding a failure to accommodate.

An appellant may establish a disability discrimination claim based on failure to accommodate by showing the following: (1) he is a qualified individual with a disability; (2) the action appealed was based on his disability; and, to the extent possible, (3) there was a reasonable accommodation under which the appellant believes he could perform the essential duties of his position or of a vacant position to which he could be reassigned. *Brown v. Department of the Interior*, 121 M.S.P.R. 205, ¶ 23 (2014) (setting forth this test but omitting the requirement that an individual prove she is "otherwise qualified"), *overruled on other grounds by Haas v. Department of Homeland Security*, 2022 MSPB 36; *see Haas*, 2022 MSPB 36, ¶ 29 (clarifying that only a qualified individual with a disability is entitled to relief for an alleged denial of reasonable accommodation).

The administrative judge did not make a determination as to whether the appellant was a "qualified" individual with a disability. An individual is qualified if he can perform, with or without reasonable accommodation, the essential functions of the position he holds or desires. 29 C.F.R. § 1630.2(m). There is a question from the record as to whether the appellant could perform the essential functions of his position, with or without accommodation. The record reflects that the appellant's condition often rendered him unable to walk or even get around his house. IAF, Tab 7 at 4-31. Conversely, the appellant argued both below and on review that he can perform the essential duties of his position on a full-time telework schedule. IAF, Tab 13 at 5; PFR File, Tab 1 at 4. We need not resolve this question on review, however, as we agree with the administrative

judge that the appellant failed to engage in the interactive process to enable finding a reasonable accommodation. ID at 9-10.

The appellant here made a reasonable accommodation request when he disclosed his medical restrictions sufficient to inform the agency that he needed an adjustment or change at work for a reason related to a medical condition. IAF, Tab 6 at 39-42, 51-58; *see Paris v. Department of the Treasury*, 104 M.S.P.R. 331, ¶ 17 (2006) (finding an employee need only let his employer know in general terms that he needs accommodation for a medical condition). Having sufficiently informed his employer of this need, the agency was required to engage in an interactive process to determine an appropriate accommodation. *Simpson v. U.S. Postal Service*, 113 M.S.P.R. 346, ¶ 16 (2010). However, the appellant was also required to cooperate in the interactive process. *Id.*

The appellant's supervisor offered to move the appellant's workstation and cubicle to the first floor to eliminate the need to climb stairs. IAF, Tab 6 at 34; Tab 30 at 16. The appellant rejected this offer. IAF, Tab 7 at 11, Tab 30 at 7-8. The appellant's supervisor also advised the appellant that he could sit frequently as recommended by his medical provider. IAF, Tab 30 at 16-17. In addition, he invited the appellant to request a reasonable accommodation and advised the appellant of his obligation to participate in the interactive process. IAF, Tab 6 at 45.

The appellant did not engage in the interactive reasonable accommodation process. At no time before his removal did he explain how he could perform his assigned position with additional restrictions or modifications.[2] IAF, Tab 30 at 8-9. Further, there is no evidence he identified an alternative position that he desired. Rather, according to his supervisor's unrebutted sworn declaration, the appellant indicated he planned to report to work the next day on approximately 20

_____

[2] The appellant asserts that a full-time telework schedule is an accommodation that would allow him to perform the essential functions of his position. IAF, Tab 13 at 5; PFR File, Tab 1 at 4. However, he admitted below that he did not ask for telework prior to his removal. IAF, Tab 30 at 14.

different occasions, but he ultimately requested leave rather than reporting. *Id.* at 8; *Edwards v. Department of Veterans Affairs*, 111 M.S.P.R. 297, ¶¶ 4, 6 (2009) (explaining that if unrebutted, an affidavit or a declaration made under penalty of perjury proves the facts asserted therein). We therefore agree with the administrative judge that the agency engaged in the required interactive process to determine an accommodation, but the appellant failed to appropriately engage. ID at 9-10; *see Simpson*, 113 M.S.P.R. 346, ¶ 18 (finding that an appellant did not show a failure to accommodate when he did not provide requested medical documentation, articulate a reasonable accommodation, or identify an alternative position); *see also Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶¶ 3-4, 18 (2015) (indicating that the appellant failed to engage in the interactive process when he did respond to the agency's request to clarify his doctor's suggestion that he could work on a part-time schedule and did not identify any vacant, funded position to which the agency might have reassigned him), *aff'd*, 833 F.3d 1342 (Fed. Cir. 2016); *Collins v. U.S. Postal Service*, 100 M.S.P.R. 332, ¶¶ 11-12 (2005) (finding that the agency was not obligated to continue the interactive reasonable accommodation process when the appellant failed to cooperate in the process).

The administrative judge correctly found that the penalty was reasonable.

To the extent the appellant is challenging the reasonableness of the penalty, we find that the administrative judge correctly found that the penalty of removal was reasonable. ID at 10-12. The FAA has, as required by statute, developed its own personnel management system. IAF, Tab 8 at 13; *see* 49 U.S.C. § 40122(g)(1). Under this system, supervisors must consider mitigating factors that are identical to those applicable to other Federal employees before deciding if corrective action is warranted. *Compare* IAF, Tab 8 at 15, *with Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). An agency's determination of an appropriate penalty is not entitled to deference when the deciding official does not consider any of the relevant mitigating circumstances.

*Brown v. U.S. Postal Service*, 64 M.S.P.R. 425, 432-33 (1994). Here, the agency considered the appellant's 37 years of service and prior performance record. IAF, Tab 6 at 27. However, there is no discussion of the remaining factors that might be relevant to the agency's penalty determination. The administrative judge found that, even if the agency failed to consider the appropriate mitigating factors, removal was an appropriate penalty for the appellant's excessive absence. ID at 11-12. We agree.

When the Board finds that an agency has failed to weigh the relevant factors, it may determine how the agency's decision should be corrected to bring the penalty within the parameters of reasonableness. *Brown*, 64 M.S.P.R. at 432-33. Following the expiration of his FMLA-protected leave in August 2018, the appellant never returned to work. IAF, Tab 7 at 18-31, 33-48, Tab 30 at 17. The appellant's absence compromised the efficiency of the agency's operations, required coworkers to cover his job duties in addition to their own assigned job, and created a backlog of work. IAF, Tab 30 at 8. As for mitigating factors, the appellant has roughly 37 years of Federal service with no performance or disciplinary problems.[3] PFR File, Tab 1 at 4. An employee absence, such as this one, for which no foreseeable end is in sight is a burden that no employer can efficiently endure, and a prolonged absence is just cause for removal. *Conte v. U.S. Treasury Department*, 10 M.S.P.R. 346, 348 (1982), *aff'd*, 707 F2d 517 (9th Cir. 1983) (Table). Accordingly, we agree with the administrative judge's conclusion that the agency's penalty of removal was reasonable. ID at 12.

---

[3] The appellant did not assert any other mitigating factors that he believed were significant, and the Board need not contemplate mitigating factors not identified by the appellant as significant. *Brown*, 64 M.S.P.R. at 433 (citing *Yeschick v. Department of Transportation*, 801 F.2d 383, 385 (Fed. Cir. 1986)).

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: 

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.